**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **ALYSE SANCHEZ, *et al.*,** | | |
| | * | |
| **Plaintiffs-Petitioners,** | | |
| **v.** | * | **Case No.: GJH-19-01728** |
| | | |
| **KEVIN MCALEENAN, *et al.*,[1]** | | |
| | * | |
| **Defendants-Respondents.** | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION**

Plaintiffs-Petitioners ("Plaintiffs") are married couples—each comprising one American citizen and one noncitizen with a final order of removal—who applied for a provisional waiver of inadmissibility only for Immigration and Customs Enforcement ("ICE") to detain the noncitizen spouse at the required waiver interview or who chose not to attend the required interview out of fear that the noncitizen spouse would be so detained. ECF No. 6. Defendants-Respondents ("Defendants") are the Acting Secretary of Homeland Security, the Acting Director of ICE, and the Director of ICE's Maryland Field Office. *Id.*

On behalf of themselves and a class of all others similarly situated, Plaintiffs challenge ICE's practice of detaining noncitizens who come to the United States Customs and Immigration Services ("USCIS") for their waiver interview on the grounds that the practice violates the Immigration and Nationality Act ("INA"), the Due Process Clause, and the Administrative Procedure Act ("APA"). On February 7, 2020, this Court issued a Memorandum Opinion and

---

[1] Respondent McAleenan is no longer the Acting Secretary of Homeland Security. Under Fed. R. Civ. P. 25(d), his successor is automatically substituted as a party.

Order granting Plaintiffs' Motion for Preliminary Injunction, ECF No. 7, and denying

Defendants' Motion to Dismiss, ECF No. 15. ECF Nos. 28 & 29. Currently pending before the

Court is Defendants' Motion for Leave to File a Motion for Reconsideration and/or Modification

of Preliminary Injunction, ECF No. 33.[2] No hearing is necessary to resolve the pending motion.

*See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants' Motion is granted, in

part, and denied, in part.

## I.    BACKGROUND

An alien "who has been ordered removed" is inadmissible for reentry to the United States

for five, ten, or twenty years from the date of departure or removal, depending on whether the

alien is removed upon arrival, is removed after arrival, has already been removed once before, or

has been convicted of an aggravated felony.[3] 8 U.S.C. § 1182(a)(9)(A)(i)–(ii); 8 C.F.R.

§ 212.2(a). An alien who remains "inadmissible" is ineligible to receive a visa to be admitted to

the United States as a lawful permanent resident. 8 U.S.C. § 1182(a). This inadmissibility may be

waived by the Secretary of Homeland Security's consent to reapply for admission, 8 U.S.C.

§ 1182(a)(9)(A)(iii), but the waiver application process can take well over a year, 78 Fed. Reg.

536-01, 536 (Jan. 3, 2013). Prior to 2013, an alien who wanted to seek lawful permanent resident

status and apply for this waiver of inadmissibility was first required to depart from the United

States. *Id.*

In 2013, recognizing that undocumented immediate family members of citizens who were

living in the United States were choosing to forego applying for visas rather than be separated

---

[2] Also pending is Plaintiffs' Motion for Extension of Time to File Response/Reply Consent Motion to Extend Deadline. ECF No. 46. This Motion is granted.

[3] The Court recognizes that "many consider 'using the term 'alien' to refer to other human beings' to be 'offensive and demeaning.' [The Court uses] the term 'only where necessary to be consistent with the statutory language' that Congress has chosen and 'to avoid any confusion in replacing a legal term of art with a more appropriate term.'" *See Trump v. Hawaii*, 138 S. Ct. 2392, 2443 n.7 (2018) (Sotomayor, J., dissenting) (quoting *Flores v. U.S. Citizenship & Immigration Servs.*, 718 F.3d 548, 551–52 n.1 (6th Cir. 2013)).

from their families for at least a year, and potentially longer, the United States Department of Homeland Security ("DHS") promulgated a rule "to allow certain immediate relatives of U.S. citizens who are physically present in the United States to request provisional unlawful presence waivers prior to departing from the United States for consular processing of their immigrant visa applications." *Id.* The rule was expressly promulgated to "significantly reduce the length of time that U.S. citizens are separated from their immediate relatives[,]" *id.*, and to "encourage immediate relatives who are unlawfully present to initiate actions to obtain an immigrant visa to become [lawful permanent residents,]" *id.* at 568. In 2016, DHS promulgated another rule extending eligibility for these provisional unlawful presence waivers to aliens with final removal orders. 81 Fed. Reg. 50244 (July 29, 2016).

The process requires first filling out a Form I-130, which establishes a qualifying relationship to a United States citizen. 78 Fed. Reg. 536-01 at 547–48. After the Form I-130 is approved, the individual must file a Form I-212, which requests a waiver of inadmissibility and, pursuant to 8 C.F.R. § 212.2(j), can be conditionally approved while the individual remains in the United States. 78 Fed. Reg. 536-01 at 547–48. Once the I-212 is conditionally approved, the individual must complete Form I-601A, an application for a provisional unlawful presence waiver. *Id.*; *see also* 8 C.F.R. § 212.7(e)(4)(iv). Once the waiver is approved, the individual departs from the United States to obtain the immigrant visa through the consular processing procedure, thereby executing the prior removal order. 8 U.S.C. § 1101(g).

As outlined more fully in this Court's February 7, 2020 Memorandum Opinion, ECF No. 28, named Plaintiffs Alyse Sanchez, Elmer Onan Sanchez, Jean Claude Eyeghe-Nana, Amira Abbas Abdalla, Theresa Rodriguez Pena, Misael Rodriguez Pena, Olivia Aldana Martinez, Jose Carlos Aldana Martinez, Tatyana Murithi, Mwiti Murithi, Bibiana Ndula, and Eric Ndula are

married couples—each comprising one American citizen and one noncitizen with a final order of removal—who applied for this provisional waiver only for ICE to detain the noncitizen spouse at the required I-130 interview or who chose not to attend the waiver interview out of fear that the noncitizen spouse would be detained at the interview. ECF No. 6. Additionally, on September 30, 2020, this Court granted Plaintiffs' Motion for Class Certification, certifying a class defined as any American citizen and his or her noncitizen spouse who: (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the American citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of the Baltimore ICE-ERO field office (*i.e.*, the state of Maryland). ECF No. 53.

This Court granted Plaintiffs' Motion for Preliminary Injunction, ECF No. 7, and denied Defendants' Motion to Dismiss, ECF No. 15, on February 7, 2020. ECF Nos. 28, 29. That Order (1) preliminarily enjoined and prohibited Defendants from arresting, detaining, or removing all noncitizen Plaintiffs and noncitizen members of the class, and (2) instructed Defendants to release from custody all noncitizen Plaintiffs and noncitizen members of the class, including release from orders of supervision and immigration detention. ECF No. 29 at 1.[4] On March 4, 2020, Defendants' filed the instant Motion for Leave to File a Motion for Reconsideration and/or Modification of Preliminary Injunction. ECF No. 33. Plaintiffs responded in opposition on August 6, 2020. ECF No. 48. Defendants replied in support of the Motion for Reconsideration/Modification on September 3, 2020. ECF No. 51.

## II.    LEGAL STANDARDS

The parties disagree as to which Federal Rule of Civil Procedure governs Defendants'

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Motion: Rule 54(b) or Rule 59(e). ECF No. 48 at 5–6 (classifying Defendants' Motion as "a motion seeking to reconsider, modify, or revise an interlocutory order pursuant to Rule 54(b)"); ECF No. 51 at 2–5 (arguing "[t]he Motion is governed by Rule 59(e)"). Because, under any framework of review, Defendants have not met the standard entitling them to their requested relief, this Court need not definitively resolve which rule applies. *See Brightview Grp., LP v. Teeters*, No. CV SAG-19-2774, 2020 WL 4003168 (D. Md. July 15, 2020).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see, e.g.*, *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also Kelly v. Simpson*, No. CV RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly." *Sullivan v. Washington Metro. Area Transit Auth.*, No. 8:19-cv-00300-GLS, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020).

The Fourth Circuit has not articulated a standard for review of a Rule 54(b) motion. *CytImmune Scis., Inc. v. Paciotti*, No. PWG-16-1010, 2016 WL 6879942, at *1 (D. Md. Nov. 22, 2016). Nevertheless, this court frequently looks to the standard for Rule 59(e) when considering

Rule 54(b) motions. *Id.* (citing *Cezair v. JPMorgan Chase Bank, N.A.*, No. CIV.A. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014)); *see also Harper v. Anchor Packing Co.*, No. CIV.A. GLR-12-460, 2014 WL 3828387, at *1 (D. Md. Aug. 1, 2014), *aff'd sub nom. Hurley v. CBS Corp.*, 648 F. App'x 299 (4th Cir. 2016) (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard). Aligning with the Rule 59(e) standard, this Court has held that "[a] motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." *Potter*, 199 F.R.D. at 552 n.1 (citations omitted). A motion for reconsideration under Rule 54(b), however, "is not a license for a losing party's attorney to get a second bite at the apple." *CytImmune Scis., Inc.*, 2016 Wl 6879942, at *2 (citation omitted). "Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero v. Farrelly*, No. CV JKB-16-3939, 2018 WL 1761957, at *2 (D. Md. Apr. 12, 2018) (internal citation omitted).[5]

Even if no Federal Rule of Civil Procedure were to apply to a motion to modify a preliminary injunction, *see Brightview Grp., LP*, 2020 WL 4003168, at *2 ("It may be that no Federal Rule of Civil Procedure is necessary to permit a Court to modify a preliminary injunction it entered"), "[a] motion to modify a preliminary injunction is meant only to relieve inequities that arise *after* the original order[,]" *id.* at *5 (emphasis in original) (quoting *Favia v. Indiana Univ. of Pa.*, 7 F.3d 332 (3d Cir. 1993)). "[M]odification [of an injunction] is not warranted if the court determines that the moving party is relying upon events that actually were

---

[5] Plaintiffs argue that Rule 54(b) applies and consequently Defendants' Motion was untimely under Loc. R. 105.10 (D. Md. 2018). ECF No. 48 at 5–6. The Court need not rule on this ground, though, since Defendants have not met the standard for relief under any rule.

anticipated when the decree was entered." 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2961 (3d ed. 2010); *see also Merrell-Nat'l Labs., Inc. v. Zenith Labs., Inc.*, 579 F.2d 786, 791–92 (3d Cir. 1978) (affirming a trial court's denial of a motion to modify a preliminary injunction because the evidence presented "could have been produced on the original motion for an injunction").

Thus, regardless of the rule, "a motion to reconsider is not a vehicle to advance new arguments not previously articulated with clarity after those that were made have been rejected." *Carrero*, 2018 WL 1761957, at *2. These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" under Rule 59(e), Rule 54(b), or even no rule at all, because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553).

## III.   DISCUSSION

Defendants base their Motion to Reconsider and/or Modify the Preliminary Injunction on the premise that the preliminary injunction "rests on clear legal errors and works a manifest injustice." ECF No. 33-1 at 1. Defendants outline three arguments that the preliminary injunction rests on clear legal error and three arguments that the preliminary injunction works a manifest injustice. ECF No. 33-1. All of these arguments, however, fail for the same reason. Defendants had ample opportunity to raise them prior to the Court's February 7, 2020 Order, but did not do so. Defendants should not now "get a second bite at the apple." *CytImmune Scis., Inc.*, 2016 WL 6879942, at *2 (internal quotation marks and citation omitted).

According to Defendants, the Court's first clear legal error was prohibiting ICE from

detaining and supervising noncitizen Plaintiffs and class members because that order is "incompatible with at least two statutory mandates[:]" (1) "During the removal period, the Attorney General shall detain the alien[,]" 8 U.S.C. § 1231(a)(2); and (2) "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under [certain mandatory provisions,]" 8 U.S.C. § 1231(a)(3). ECF No. 33-1 at 2–3. Yet Defendants fail to explain why citations to 8 U.S.C. § 1231(a), which was enacted in 2002 and last amended in 2006, are absent from their Response to Petition for Writ of Habeas Corpus and Motion to Dismiss Amended Complaint. *See* ECF No. 15. Second, the Defendants contend that the Court committed clear legal error by granting preliminary relief that alters the status quo, which is a "disfavored [approach], and warranted only in the most extraordinary circumstances." ECF No. 33-1 at 3 (quoting *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994)). This argument, however, is nothing but a belated attempt to refute Plaintiffs' August 5, 2019 statement that "[t]he Court's placement of reasonable restrictions on the Defendants' ability to detain and remove members of the class will simply maintain the status quo until the Court can render a final ruling on the merits of the lawsuit." ECF No. 7-1 at 31. Third, Defendants argue that "under any standard, the supervision and detention prohibitions are unwarranted" because Plaintiffs failed to show "that they would suffer irreparable injury in the absence of an order prohibiting ICE from detaining or supervising them[,]" and thus this Court committed a clear legal error. ECF No. 33-1 at 3. Defendants' argument ignores an entire section of Plaintiffs' Memorandum of Law in Support of Plaintiffs-Petitioners' Motion for a Preliminary Injunction, ECF No. 7-1 at 28–31—a section which Defendants failed to address in their original response to Plaintiffs' Motion, ECF No. 15—and merely contests the Court's finding "that Petitioner would suffer irreparable harm in the absence of a preliminary injunction[,]" ECF No. 28 at 14.

Defendants' "manifest injustice" arguments fare no better. Defendants' first argument that the preliminary injunction works a manifest injustice is that the injunction does not account for the fact that ICE lacks necessary information to identify class members. ECF No. 33-1 at 4. Second, Defendants claim that the supervision "prohibition causes manifest injustice because it incentivizes fraud, discourages proposed class members from diligently pursuing lawful status, prevents proposed class members from receiving work authorization, and places great demands on ICE's limited resources." *Id.* at 4–6. Finally, Defendants argue that by "prohibiting ICE from supervising, detaining, or removing proposed class members who cannot benefit from a provisional unlawful presence waiver, including proposed class members who pose public safety and national security risks, the injunction" works a manifest injustice because it "endangers the public and undermines the purpose of the provisional unlawful presence waiver regulations." *Id.* at 4, 6–8. All three of these arguments were available to Defendants before the Court's February 7, 2020 Order and could have been articulated to refute Plaintiffs' claims regarding the last two factors in the preliminary injunction test: (1) whether the balance of equities tips in the Plaintiffs' favor, and (2) whether an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Yet, without providing an explanation for their delay, Defendants only raise these arguments now, after this Court has ruled against them.

In addition to the the tardiness of Defendants' arguments, "[c]lear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension…." *Wagner v. Warden*, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted). "[M]ere disagreement with the Court's previous decision will not suffice." *June v. Thomasson*, No. CV GLR-14-2450, 2016 WL

7374432, at *3 (D. Md. Dec. 20, 2016). Nor is it enough for the prior judgment to be "just maybe or probably wrong[.]" *Id.* (internal quotation marks omitted). Rather, this Court will only grant a motion for reconsideration or modification to correct a clear error of law or prevent a manifest injustice when the prior judgment "strike[s the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018) (internal citations omitted) (discussing the Rule 54(b) standard); *see also June v. Thomasson*, 2016 WL 7374432, at *3 (discussing the Rule 59(e) standard). The Court's previous decision must be "dead wrong." *U.S. Tobacco Cooperative Inc.*, 899 F.3d at 258; *June v. Thomasson*, 2016 WL 7374432, at *3; *see also Integrated Direct Mktg., LLC v. May*, No. 1:14-cv-1183 (LMB/IDD), 2016 WL 7334278, at *1 (E.D. Va. Aug. 112, 2016) (finding that an order "merits reconsideration based on manifest injustice, if the moving party demonstrates that the injustice from the [order] is apparent to the point of being almost indisputable."). That is not the case here.

Defendants' disagreements with this Court's preliminary injunction do not meet the standard for the "extraordinary" relief requested. This Court has already considered the respective parties' positions, reviewed the alleged facts and legal arguments, and determined that Plaintiffs' Motion for Preliminary Injunction should be granted.

Although Defendants' arguments do not satisfy the standard necessary for this Court to reconsider its February 7, 2020 Order, Plaintiffs do not oppose addressing some of Defendants' concerns by making a few reasonable modifications to the preliminary injunction. ECF No. 48 at 23–25. Thus, this Court will grant, in part, Defendants' Motion to Modify the Preliminary Injunction and adopt the modifications proposed by Plaintiffs in their Opposition to the instant motion. *See id.*

### III.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Motion for

Reconsideration and/or Modification of Preliminary Injunction is granted, in part, and denied, in

part. Defendants are preliminarily enjoined and prohibited from removing all noncitizen

Plaintiffs and noncitizen members of the class. Defendants are preliminarily enjoined and

prohibited from arresting and placing in immigration detention, and shall release from

immigration detention, any noncitizen Plaintiff and any noncitizen member of the class who is

the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed prior to their

arrest or detention, except that Defendants may arrest and place in immigration detention a

noncitizen Plaintiff or a noncitizen member of the class who: (a) has been denied an I-212,

Application for Permission to Reapply for Admission into the United States After Deportation or

Removal, has been denied an appeal therefrom or has not timely filed an appeal therefrom, and

has not submitted a new or successive I-212 application that is approved or pending; or (b) has

been denied an I-601A, Application for Provisional Unlawful Presence Waiver, and has not

submitted a new or successive I-601A application that is approved or pending. Defendants are

preliminarily enjoined and prohibited from placing under an order of supervision, and shall

release from any existing order of supervision put in place on or after August 29, 2016, any

noncitizen Plaintiff or any noncitizen member of the class, except that Defendants may place or

keep under an order of supervision a noncitizen Plaintiff or a noncitizen member of the class

who: (a) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, that was

filed after such order of supervision was in place, provided, however, that Defendants may not

increase or enhance such noncitizen Plaintiff's or noncitizen class member's conditions of

supervision; (b) has been denied an I-212, Application for Permission to Reapply for Admission

into the United States After Deportation or Removal, has been denied an appeal therefrom or has

not timely filed an appeal therefrom, and has not submitted a new or successive I-212 application

that is approved or pending; (c) has been denied an I-601A, Application for Provisional

Unlawful Presence Waiver, and has not submitted a new or successive I-601A application that is

approved or pending; or (d) voluntarily agrees to remain or be placed under an order of

supervision in order to maintain or obtain work authorization.

     A separate Order shall issue.


Date: October    22, 2020                                  _____/s/_____

                                                   GEORGE J. HAZEL
                                                   United States District Judge